UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMMONWEALTH EDISON COMPANY, | |
| Plaintiff, | No. 19 C 6068 |
| v. | Judge Thomas M. Durkin |
| ACE AMERICAN INSURANCE COMPANY, COMCAST COMPANY | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

This is an insurance coverage dispute involving related personal injury actions filed in the Circuit Court of Cook County. Plaintiff Commonwealth Edison (ComEd) seeks a declaration that ACE American Insurance owes it a defense and indemnification in the underlying suits based on an insurance policy ACE issued to Comcast. Defendants moved to dismiss ComEd's claim. R. 15. For the following reasons, Defendants' motion is granted.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed

1

factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Background

This declaratory judgment action arises out of an insurance dispute. In 2002, ComEd and Comcast entered into a "Pole Attachment Agreement" that permitted Comcast to use ComEd's electric utility poles to provide cable television services. R. 2-1 ¶ 7. The agreement required Comcast to maintain insurance that would protect ComEd from any casualty or loss related to Comcast's use of the utility poles. *Id.* ¶ 8. ACE American Insurance Company issued an excess commercial general liability policy to Comcast with effective dates of December 1, 2015 to December 1, 2016. *Id.* ¶ 9.

Jeanette Zulauf (as administrator of Robert Zulauf's estate) and Jordan Zulauf sued Comcast and ComEd in the Circuit Court of Cook County, alleging that they suffered injuries while performing work for Comcast on an electric utility pole in

November 2016. *Id.* ¶¶ 11-14. ComEd subsequently tendered its defense and indemnification for those cases to ACE as an additional insured under Comcast's insurance policy. *Id.* ¶¶ 16-17. ACE rejected ComEd's tender, and ComEd hired counsel to defend itself in the underlying cases. ¶¶ 18-19. ComEd now seeks a declaration that ACE owes it a defense and indemnification as an additional insured under Comcast's insurance policy.

**Analysis**

I. <u>Duty to Defend</u>

To determine whether an insurer has a duty to defend, courts "compare the factual allegations of the complaint . . . to the language of the insurance policy." *Amerisure Mut. Ins. Co. v. Microplastics, Inc.*, 622 F.3d 806, 810 (7th Cir. 2010).[1] "Both the policy terms and the allegations in the underlying complaint are liberally construed in favor of the insured, and any doubts and ambiguities are resolved against the insurer." *Id.* at 811 (quoting *State Farm Firm and Casualty Co. v. Perez*, 899 N.E.2d 1231, 1235 (Ill. App. Ct. 2008)). At the same time, "the general rules that favor the insured must 'yield to the paramount rule of reasonable construction which guides all contract interpretation.'" *Id.* (quoting *Western States Ins. Co. v. Bobo*, 644 N.E.2d 486, 488 (Ill. App. Ct. 1994)).

---

[1] The parties cite both Illinois and Pennsylvania law in their briefs. "Only if the application of the law of one state will yield a different result than the application of the law of a second state is a choice-of-law analysis necessary." *Gleim v. Roberts*, 919 N.E.2d 367, 370 (Ill. App. Ct. 2009). In the absence of a conflict, the law of the forum state applies. *Id.* No conflict exists between Illinois and Pennsylvania law that would change the outcome of this motion (nor do the parties dispute that Illinois law applies), and thus the Court applies Illinois law here.

3

The relevant provisions in the ACE insurance contract are as follows:[2]

1. Insuring Agreement

a. We will pay the insured for the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under DEFENSE, INVESTIGATION, SETTLEMENT, LEGAL EXPENSES, AND INTEREST ON JUDGMENT. R. 22-1 at 36.

****

SECTION V – DEFINITIONS

20. "Ultimate net loss" means the total sum, after recoveries or salvages collectible, that the insured becomes legally obligated to pay as damages . . . which have been or will be paid. "Ultimate net loss" does not include any of the expenses incurred by the insured or us in connection with defending the claim or "suit". *Id.* at 54.

****

DEFENSE, INVESTIGATION, SETTLEMENT, LEGAL EXPENSES, AND INTEREST ON JUDGMENTS

1. Defense, Investigation, Settlement, Legal Expenses, and Prejudgment Interest
This insurance does not apply to defense, investigation, settlement or legal expenses, or prejudgment interest arising out of any "occurrence" or offense, but we shall have the right and opportunity to assume from the insured the defense and control of any claim or "suit", including any appeal from a judgment, seeking payment of damages covered under this policy that we believe likely to exceed the "retained limit". In such event we and the insured shall cooperate fully. *Id.* at 45.

****

---

[2] Defendants attached the relevant policy to their reply in support of the motion to dismiss. Because the terms of the contract are central to ComEd's complaint, the Court may consider them in ruling on this motion. *Hongbo Han v. United Cont'l Holdings, Inc.*, 762 F.3d 598, 601 n.1 (7th Cir. 2014).

4

Defendants argue that the policy unambiguously excludes coverage for defense costs and does not require ACE to defend the suit. The Court agrees. While the contract gives ACE the "right" to assume an insured's defense, it does not impose a duty to defend. The policy provides that ACE will pay the "ultimate net loss" and that no other obligation or liability arises unless specifically provided for under "DEFENSE, INVESTIGATION, SETTLEMENT, LEGAL EXPENSES, AND INTEREST ON JUDGMENT." In turn, "ultimate net loss" excludes "any of the expenses incurred by the insured or us in connection with defending the claim or 'suit.'" And the "Defense, Investigation, Settlement, Legal Expenses, and Interest on Judgment" provision expressly provides that the "insurance does not apply to defense, investigation, settlement, or legal expenses . . . arising out of any 'occurrence' or offense."

ComEd does not argue that this language is ambiguous. Rather, it contends that the "Defense, Investigation, Settlement, Legal Expenses, and Prejudgment Interest" provision applies only to Coverage B of the policy and not to Coverage A (which governs the dispute here). But the "Defense, Investigation" provision is found in "Section I – Coverages," which includes both Coverage A and Coverage B. And indeed, Coverage A specifically references the "Defense, Investigation, Settlement, Legal Expenses, and Interest on Judgments" provision in its coverage description. R. 22-1 at 36. Thus, the provision clearly applies to Coverage A.

5

ComEd also argues that an exception to an exclusion contained in the insurance policy requires ACE to reimburse its defense costs. The relevant language states the following:

**2. Exclusions**

This insurance does not apply to:

\*\*\*\*

b. Contractual Liability:

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

\*\*\*\*

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party *other than an insured* are deemed to be damages because of "bodily injury" or "property damage", provided:

> (a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and
> (b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

\*\*\*\*

R. 22-1 at 37 (emphasis added). In turn, the types of "insured contract" as defined by the policy potentially relevant here are:

> (c) "Any easement or license agreement . . . ;"
>
> (f) "That part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for 'bodily injury' or 'property damage' to a third person or organization. Tort liability

6

means a liability that would be imposed by law in the absence of any contract or agreement." *Id.* at 51.

As an initial matter, the Court notes its uncertainty as to ComEd's argument on why it is covered by this exception to the exclusion. The complaint is premised on the contention that ComEd is insured under the policy. *See* R. 2-1 ¶ 10 (citing the policy endorsement that modifies the section "Who Is An Insured" to include "[a]ny person or organization that you are required to include as an additional insured under this policy because of a written contract or written agreement . . . ."). Meanwhile, the exception to the exclusion covers attorney fees and litigation expenses incurred by or for a party "*other than an insured.*" *See Midwest Contractors Equip. Co. v. Bituminous Cas. Corp.*, 251 N.E.2d 349, 352 (Ill. App. Ct. 1969) ("The 'insured' in a policy is not limited to the insured named in the policy, but applies to 'anyone who is insured under the policy.'").

The Court thus assumes that ComEd's position is that it has an "insured contract" with Comcast but is not otherwise "an insured" (as must be the case to trigger the exception's coverage). But even assuming the Pole Attachment Agreement constitutes an "insured contract" (which the parties dispute), the provision does not impose a duty on ACE to defend Comcast in the underlying litigations. The provision states that reasonable attorney fees for a party other than an insured "*are deemed to be damages because of 'bodily injury' or 'property damage'*" provided that the insured contract covers liability for that party's defense. R. 22-1 at 37. The provision thus works as follows: if Comcast (the insured) has an insured contract with ComEd that requires it to assume ComEd's defense costs in an underlying suit, then those defense

7

costs are included in the damages ACE owes to Comcast under the policy. That is separate from whether ACE owes ComEd a duty to defend. *See Wausau Underwriters Ins. Co. v. Mt. Vernon Fire Ins. Co.*, 507 F. Supp. 2d 898, 903 (N.D. Ill. 2007) (interpreting an identical contractual provision and stating that "[plaintiff] mistakenly conflates this provision as requiring [defendant] to provide an actual defense to Choice, which it does not. It merely requires [defendant] to pay for that defense, of which [the insured party] assumed liability, as part of [the insured party's] damages."); *see also Alliance Syndicate, Inc. v. Parsec, Inc.*, 741 N.E.2d 1039, 1045 (Ill. App. Ct. 2000) ("The fact that the Parsec/CSX agreement was an 'insured contract' did not expand the policy to automatically provide coverage for CSX or its liability, or impose any duty on Alliance to defend CSX in the underlying suit. Instead, Parsec, as the insured, was covered for the liability it assumed under the insured contract."). Accordingly, the provision is only relevant as to what ACE may owe Comcast if the Pole Attachment Agreement requires Comcast to indemnify ComEd for its defense costs.

Even if ComEd could proceed directly against ACE as a third-party beneficiary, which ComEd does not address, the provision would concern ACE's duty to indemnify ComEd for its defense costs rather than imposing an affirmative duty to defend. *See Keystone Consol. Indus., Inc. v. Employers Ins. Co. of Wausau*, 456 F.3d 758, 762 (7th Cir. 2006) (duty to defend and duty to indemnify are distinct); *see also Petroterminal de Panama, S.A. v. Houston Cas. Co.*, 114 F. Supp. 3d 152, 157-58 (S.D.N.Y. 2015), *aff'd sub nom. Petroterminal de Panama v. Houston Cas. Co.*, 659 F. App'x 46 (2d Cir.

2016) (explaining difference between duty to defend and narrower duty to reimburse defense costs). Indeed, indemnity for its defense costs appears to be the actual relief ComEd seeks. *See* R. 21 at 7 ("Therefore, ACE has agreed to indemnify entities, such as ComEd, that entered into an "insured contract" with Comcast for their defense costs."). But Comcast disputes that it owes ComEd a defense or indemnity under the Pole Attachment Agreement, and no court has yet made that determination. Accordingly, and as discussed in more detail below, it is premature to determine whether the policy requires ACE to reimburse ComEd's defense costs as part of its duty to indemnify. *See TNT Logistics N. Am., Inc. v. Bailly Ridge TNT, LLC*, 2006 WL 2726224, at *7 (N.D. Ill. Sept. 21, 2006) (holding that it was premature to determine whether lease agreement required reimbursement of defense costs as part of duty to indemnify until the underlying complaints were resolved).

ComEd argues that if the ACE policy does not cover its defense, then Comcast has breached the Pole Attachment Agreement. *See* R. 21 at 1. That may be so, and ComEd is free to seek relief from Comcast under that agreement. But here, the insurance at issue unambiguously "does not apply to defense, investigation, settlement or legal expenses, or prejudgment interest arising out of any 'occurrence' or offense[.]" R. 22-1 at 45. Accordingly, to the extent ComEd seeks a declaration that ACE owes it a duty to defend, Count I is dismissed. *See Muscatine Mall Assocs., LLC v. Menard, Inc.*, 2006 WL 2355577, at *3 (N.D. Ill. Aug. 14, 2006) ("If a contract is unambiguous and plaintiff's claims are unmerited under its terms, dismissal is appropriate.").

9

I. Duty to Indemnify

ComEd also seeks a declaration that ACE owes it indemnity for its liability in the underlying lawsuits. "In a dispute over insurance coverage, a duty-to-indemnify issue will not be ripe until liability has been established." *Twin City Fire Ins. Co. v. Law Office of John S. Xydakis, P.C.*, 407 F. Supp. 3d 771, 777 (N.D. Ill. 2019) (citing *Med. Assur. Co. v. Hellman*, 610 F.3d 371, 375 (7th Cir. 2010)); *see also Grinnell Mut. Reinsurance Co. v. Reinke*, 43 F.3d 1152, 1154 (7th Cir. 1995) ("the duty to indemnify [is] unripe until the insured has been held liable."). When a duty-to-indemnify claim is not ripe, dismissal is proper. *Hellman*, 610 F.3d at 375.

Here, the underlying lawsuits remain pending and there has been no determination about ComEd's liability. As such, it is premature for the Court to decide whether ACE has a duty to indemnify damages that may be levied against ComEd. ComEd points out that other courts in this district have stayed (rather than dismissed) a duty-to-indemnify claim where they have retained jurisdiction over a duty-to-defend claim. *See Arch Ins. Co. v. 9059 Realty Corp.*, 2017 WL 6997133, at *3 (N.D. Ill. Aug. 9, 2017). But because the Court has dismissed ComEd's claim to the extent it relates to ACE's duty to defend, that situation does not apply. Accordingly, Count I is dismissed without prejudice to the extent ComEd seeks a declaration that ACE owes it indemnification.

**Conclusion**

For the reasons stated, the complaint is dismissed with prejudice to the extent ComEd seeks a declaration that ACE owes it a duty to defend in the underlying

10

litigations. The complaint is dismissed without prejudice to the extent ComEd seeks a declaration on ACE's duty to indemnify. ComEd is granted leave to refile its claim as it relates to ACE's duty to indemnify after final disposition of the Zulauf litigations.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: May 8, 2020

11